The Honorable Lauren King

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY HURSH,<br><br>Defendant. | NO. CR22-180 LK<br><br>GOVERNMENT'S SENTENCING<br>MEMORANDUM |

The United States of America, by and through Tessa M. Gorman, United States Attorney for the Western District of Washington, and Casey S. Conzatti, Assistant United States Attorney for said District, files this sentencing memorandum, requesting that Mr. Hursh be sentenced to 90 months in custody.

### Recommended Sentence

The government recommends that the Court sentence Mr. Hursh to 90 months in custody on Count 1, to run concurrently with 90 months in custody on Count 2 to be followed by four years of supervised release, subject to the conditions recommended by Probation.

//

//

GOVERNMENT'S SENTENCING MEMORANDUM - 1
*United States v. Timothy Hursh* / CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*Factual and Procedural History*

Mr. Hursh is charged following an investigation into a drug trafficking organization ("DTO") within the Western District of Washington. Mr. Hursh was identified as a redistributor for the DTO which was led by co-defendant Jose Paleo. Investigators also determined that Mr. Hursh was responsible for holding controlled substances in his residence for Mr. Paleo.

In January 2021, the FBI identified Mr. Paleo as a large methamphetamine distributor operating in Western Washington. During the investigation, through physical and electronic surveillance, travel records, and a variety of other investigative techniques, agents were able to determine that the Paleo DTO was being supplied by a Mexico-based DTO. Agents determined that the Paleo DTO picked up narcotics in the Los Angeles area and transported them to the Seattle area for redistribution. Law enforcement agencies contacted Mr. Paleo on several occasions during the investigation, which led to seizures of cash and distribution quantities of narcotics. Investigators learned that Mr. Hursh as a redistributor for the DTO, and for a period of time, held controlled substances at his residence for Mr. Paleo.

During the investigation, agents seized large quantities of narcotics from Mr. Paleo on two occasions. On the first seizure on January 8, 2021, agents conducted a traffic stop on Mr. Paleo, two males and a female in a white Malibu. During the search of the vehicle, agents recovered numerous blue pills stamped "M30" suspected to contain fentanyl, with a net weight of 91 grams, 440 net grams of methamphetamine and $8,600 in U.S. currency.

Over a year later, on April 28, 2022, agents executed a warrant on a short-term rental property that was being used as a stash house for the Paleo DTO. Inside the location, agents located 9mm Luger ammunition, approximately 1,561 grams of heroin, 37 grams of suspected fentanyl-laced pills, 830 grams of suspected fentanyl powder, and 14,707 grams of methamphetamine.

GOVERNMENT'S SENTENCING MEMORANDUM - 2
*United States v. Timothy Hursh* / CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1       The investigation also involved the use of two court-authorized Title III wire

2  intercepts. The first intercepts began on April 21, 2022, and authorized the interception of

3  wire and electronic communications over TT20 and TT25, used by Mr. Paleo, and TT26,

4  used by Miguel Thomas.[1] The second round of interceptions began on August 31, 2022,

5  and authorized the interception of wire and electronic communications over TT51 used by

6  Mr. Paleo, TT33 used by co-defendant Octavio Guzman, and TT50 used by Augustin

7  Gutierrez Valencia[2], as well as wire communications on TT52 also used by Mr. Paleo. The

8  wiretaps and other investigative techniques revealed three conspiracies charged over six

9  total indictments with twenty individuals indicted.

10      Following the April 28, 2022 seizure, investigators believe that Mr. Paleo utilized

11  Mr. Hursh's residence as a location to store some of Mr. Paleo's controlled substances. On

12  May 9, 2022, investigators intercepted a call between Mr. Paleo and Mr. Hursh, where

13  Mr. Paleo asked how many "waters" [methamphetamine] Mr. Paleo had at Mr. Hursh's

14  residence. *See* Exhibit A, filed under seal, Session 1942. Mr. Hursh initially responded by

15  saying "one or two" [one or two pounds of methamphetamine] and then placed Mr. Paleo

16  on hold to check, eventually confirming that Mr. Paleo had "two" [two pounds of

17  methamphetamine]. *Id*. On May 19, 2022, Mr. Hursh received another call from Mr. Paleo

18  where Mr. Paleo stated that he needed "one water and one boat" [one pound of

19  methamphetamine and 1,000 fentanyl pills] in ten minutes. *See* Exhibit A, Session 3056.

20  Mr. Hursh indicated that he would have the substances ready when Mr. Paleo arrived. *Id*.

21      Investigators also intercepted calls between Mr. Hursh and Mr. Paleo, where

22  Mr. Hursh would order controlled substances for redistribution from Mr. Paleo.

---

[1] Mr. Thomas was charged under *United States v. Jose Paleo, et al.* (CR22-180), as well as *United States v. Abel Cruz, et al*. (CR22-179).

[2] Mr. Gutierrez Valencia is charged under a separate indictment in front of this Court (CR22-151 LK), with five co-defendants for conspiracy to distribute controlled substances and multiple possession of controlled substances with intent to distribute charges, based on the transportation of narcotics, including methamphetamine, cocaine, fentanyl laced pills, and fentanyl powder from Los Angeles, CA to Seattle, WA.

GOVERNMENT'S SENTENCING MEMORANDUM - 3
*United States v. Timothy Hursh* / CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Specifically, on May 5, 2022, Mr. Hursh told Mr. Paleo that he needed "blue" [fentanyl pills] and "water" [methamphetamine]. *See* Exhibit A, Session 983. Additionally, agents intercepted a conversation between Mr. Hursh and Mr. Paleo where Mr. Hursh was offering to obtain a firearm, a Colt 1911, for Mr. Paleo. *See* Exhibit A, Session 7204.

On October 19, 2022, the Grand Jury returned two indictments charging a total 11 defendants with seven counts, including Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846; Possession with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1); Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(B)(i), and 1956(a)(1)(B)(ii); and Carrying a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c). Mr. Hursh was charged with one count of Conspiracy to Distribute Controlled Substances.

On October 25, 2022, the FBI conducted a search at Mr. Hursh's residence. Mr. Hursh was present during the execution of the search warrant. During the execution of the search warrant, agents received approximately 500 grams of methamphetamine, 55 gross grams of heroin, and 350 gross grams of fentanyl pills. Additionally, agents found four firearms inside Mr. Hursh's residence.

Mr. Hursh was arrested pursuant to the arrest warrant issued under the indictment following the search of his residence. Dkt. 29. Mr. Hursh was arraigned on the indictment on the same day. Dkt. 50. Mr. Hursh pled not guilty. *Id*. On July 3, 2024, Mr. Hursh was arraigned on a superseding information charging him with one count of Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, and one count of Unlawful Possession of a Firearm, in violation of 18 U.S.C. § 824(g)(1). Dkt. 260. On the same day, Mr. Hursh pled guilty to both Counts 1 and 2 of the superseding information. *Id.*

//

//

GOVERNMENT'S SENTENCING MEMORANDUM - 4
*United States v. Timothy Hursh* / CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

*Guideline Calculations*

2    The Presentence Investigation Report (hereinafter "PSR") correctly calculates

3  Mr. Hursh's base offense level to be 32, as the offense involved at least 3,000 kilograms

4  but less than 10,000 kilograms of converted drug weight. PSR ¶ 39. The government agrees

5  with the two-level increase applied to the offense as Mr. Hursh possessed a dangerous

6  weapon. PSR ¶ 40. During the presentence interview, Mr. Hursh was cooperative, though

7  was not sure if he was going to submit a written statement accepting responsibility to the

8  Court. PSR ¶ 35. However, on September 18, 2024, counsel for Mr. Hursh provided a letter

9  from Mr. Hursh demonstrating his remorse for his actions. *See* Letter Attached to PSR.

10 Based on Mr. Hursh's acceptance of responsibility, the government believes that Mr. Hursh

11 should receive a three-level decrease, making the total offense level 31. Mr. Hursh's

12 Criminal History Category is IV, resulting in an advisory range of **151-188 months**.

13

*Sentencing Analysis*

14    The United States respectfully submits that a total sentence of 90 months in custody

15 is sufficient, but not more than necessary, to comply with the purposes set forth in

16 18 U.S.C. § 3553(a).

17 The Nature and Circumstances of the Offense

18    It is clear that Mr. Hursh committed offenses that are serious and deserve a serious

19 sanction. Mr. Hursh was a redistributor of various controlled substances that he obtained

20 from this DTO. Mr. Hursh also spent a period of time maintaining and protecting the

21 controlled substances for Mr. Paleo at his residence. Furthermore, while distributing these

22 controlled substances Mr. Hursh was also in possession of multiple firearms, making his

23 behavior even more dangerous. Mr. Hursh also appeared to attempt to arm other members

24 of the DTO was he was intercepted asking Mr. Paleo if he wanted a firearm.

25    The drugs that Mr. Hursh were distributing have been causing irreparable harm to

26 the community. As the Court is well aware, the influx of fentanyl has left a wake of

27 destruction in the community. In King County, alone, there have been 1,014 overdose

GOVERNMENT'S SENTENCING MEMORANDUM - 5
*United States v. Timothy Hursh / CR22-180 LK*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

deaths as of December 27, 2024, with 747 of those deaths involving fentanyl. https://kingcounty.gov/en/dept/dph/health-safety/medical-examiner/reports-dashboards/overdose-deaths-dashboard (last visited December 27, 2024).

A sentence of 90 months is appropriate and reflects the serious nature of Mr. Hursh's conduct in distributing these dangerous drugs.

History and Characteristics of the Defendant

The government also took into account Mr. Hursh's history and characteristics both mitigating and aggravating. The government recognizes that Mr. Hursh appears to have had a very difficult childhood. Mr. Hursh reports that he was physically abused at a young age by men involved with his mother. Mr. Hursh began consuming marijuana and methamphetamine, daily, at the young age of 14. Following his relocation to California, Mr. Hursh began consuming heroin at the age of 18. Mr. Hursh reports that he was consuming methamphetamine and heroin on a daily basis until he was arrested for the instant offense. Mr. Hursh has had short periods of sobriety, but reports he has relapsed on multiple occasions. However, the government does recognize that Mr. Hursh has been participating in medication-assisted treatment while in the custody of the Bureau of Prisons. The government is hopeful that Mr. Hursh will be able to participate in additional treatment services during his period of incarceration.

Balancing Mr. Hursh's significant substance use disorder, and difficult childhood, is Mr. Hursh's criminal history. Mr. Hursh's criminal history dates back to 2002. Mr. Hursh has a number of convictions ranging from Attempted Residential Burglary to Unlawful Possession of a Firearm to Assault in the Fourth Degree.

A total sentence of 90 months is well below the advisory range, and is sufficient, but not more than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

//

//

GOVERNMENT'S SENTENCING MEMORANDUM - 6
*United States v. Timothy Hursh* / CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The Need to Promote Respect for the Law, Provide Just Punishment, and Afford Deterrence.

A 90-month sentence would promote respect for the law, provide a just punishment, and afford deterrence to others thereby protecting the public. Mr. Hursh engaged in the distribution of deadly and addictive controlled substances. Knowing the destructive nature that addiction has on an individual based on his own experiences, Mr. Hursh peddled these drugs to others. Mr. Hursh has had lengthy custodial sentences imposed on him before, and the government is hopeful that a sentence of this length will deter Mr. Hurhs from in committing any additional criminal activities once he is released from custody.

In light of all of these factors, the government believes that a sentence of 90 months of imprisonment to be followed by four years of supervised release, subject to the conditions recommended by Probation is appropriate.

DATED this 27th day of December, 2024.

Respectfully submitted,

TESSA M. GORMAN
United States Attorney


/s/ Casey S. Conzatti
CASEY S. CONZATTI
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Telephone:    (206) 553-7970
Fax:            (206) 553-4659
E-mail:        Casey.Conzatti@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM - 7
*United States v. Timothy Hursh / CR22-180 LK*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970