UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br>   v.<br><br>TIMOTHY HURSH,<br><br>                  Defendant. | CASE NO. 2:22-cr-00180-LK<br><br>FINAL ORDER OF FORFEITURE |

This matter comes before the Court on the Government's Motion for a Final Order of Forfeiture, Dkt. No. 441, seeking to forfeit to the United States Defendant Timothy Hursh's interest in the following (the "Subject Property"):[1]

1. $1,479 in U.S. Currency, seized on or about October 25, 2022, from the person of Mr. Hursh;

---

[1] This order does not address the Smith and Wesson M&P 40 Shield pistol, bearing serial number HMT6392, which was subject to a now-resolved third-party claim. Dkt. No. 446.

FINAL ORDER OF FORFEITURE - 1

2. The following firearms, associated ammunition, and accessories, seized on or about October 25, 2022, from Mr. Hursh's residence, located at 3524 S. 166th Street, SeaTac, Washington:

    a) One Smith and Wesson Shield Pistol bearing serial number HDN8650, and any associated ammunition;

    b) One Marlin Firearms Co. 45-70 Rifle, bearing serial number 05010628, and any associated ammunition;

    c) One Maverick Arms 88 sawed off shotgun, bearing serial number MV14695B, and any associated ammunition;

    d) One Ithaca Gun Co. 37 shotgun, bearing serial number 371561848, and any associated ammunition;

    e) Assorted magazines, ammunition, and rifle parts; and

3. One Police Issued Ballistic Shield, seized on or about October 25, 2022, from Mr. Hursh's residence, located at 3524 S. 166th Street, SeaTac, Washington.

The Court, having reviewed the Government's motion, as well as the other papers and pleadings filed in this matter, hereby finds that entry of a Final Order of Forfeiture is appropriate for the following reasons:

1. On August 30, 2024, the Court entered a Preliminary Order of Forfeiture finding the Subject Property forfeitable pursuant to 21 U.S.C. § 853(a) as property that facilitated, and/or that constitutes proceeds of, Mr. Hursh's commission of Conspiracy to Distribute Controlled Substances. Dkt. No. 313 at 3. The Court also found that the firearms and ammunition referenced above in subparagraphs 2(a)–(c) were forfeitable pursuant to 18 U.S.C. § 924(d), by way of 28 U.S.C. § 2461(c), as firearms that were involved in Mr. Hursh's commission of Unlawful Possession of a Firearm. *Id.*

2. Thereafter, the Government published notice of the pending forfeiture as required by 21 U.S.C. § 853(n)(1) and Federal Rule of Criminal Procedure 32.2(b)(6)(C). Dkt. No. 335. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(6)(A), the Government provided direct notice to four potential claimants to the Subject Property (K.O., A.J., D.D., and J.C.H.) and attempted to provide direct notice to two other potential claimants to the Subject Property (Estate of R.L.P. and Estate of G.E.S.), but those notices were returned as undelivered. Dkt. No. 442 at 2–4; Dkt. No. 441 at 4.

3. The time for filing third-party claims to the Subject Property has expired, and none were filed. Dkt. No. 441 at 5.

Now, therefore, the Court ORDERS the following:

1. No right, title, or interest in the Subject Property exists in any party other than the United States;

2. The Subject Property is fully and finally condemned and forfeited, in its entirety, to the United States;

3. The United States Department of Justice, Federal Bureau of Investigation, and/or their representatives, are authorized to dispose of the Subject Property in accordance with the law; and

4. The Court will retain jurisdiction for the purpose of enforcing the Final Order of Forfeiture as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e).

IT IS SO ORDERED.

Dated this 1st day of May, 2025.

Lauren King
United States District Judge